Good morning, your honors. May it please the court, Mark Rahy for the United States, and I'd like to reserve two minutes for rebuttal. Your honors, it almost goes without saying that a jury's verdict is sacrosanct in our system of criminal justice. The courts have also held that motions for new trial should only be granted in exceptional circumstances. Exceptional circumstances were not present in this case. Even if one assumes an abusive discretion standard of review, the five reasons that the district court relied on in granting a motion for new trial do not amount to interests of justice sufficient to warrant that extraordinary remedy, especially since not one of those reasons was ever raised at trial when something, if anything, needed to be done could have been done about it. Under the law of this circuit... I didn't understand that especially. What was that? Especially since what? None of those reasons were actually raised at the time of trial when something could have been done about them. And I'll explain a little further when I get into... Well, but that's partly what happens on a motion for new trial, isn't it? The district judge says, oops, I fouled up. I should have seen something. I should have noticed it. When, for example, when the government came forward with this so-called expert, it should have clicked in my head. I should have said, establish a foundation for this guy, etc., etc., etc. Isn't that how, why district judges can grant these when they say, look, yeah, the evidence will support... I think I fouled up so badly that I better give this guy another bite at this thing because I just screwed it up. That's what she said. That is what she said, Your Honor. But what I'm saying is there can be two situations here. There can be a situation where the defense, as is their duty, makes a timely objection to certain concerns that the district court at the time says, I don't think that warrants a new trial. And then there are situations where, as happened here, I mean, let's talk about foundation. That seems to have been one of the driving concerns of the district court. Plus the fact it was sprung on her at what she considered the last minute and shouldn't have been. But go on. Right. And also that I don't quite understand. If you look at excerpt of records 79 to 82, two weeks before trial, the government filed a motion in limine. It basically, it's a synopsis of my brief on appeal. It cites Murillo. It cites Campos. It cites Castro, saying if the defendant opens the door, we intend to bring in unknowing courier testimony. That's two or three weeks before trial. Plus excerpt of record 52, defense counsel admitted having communications with the government before trial. So as far as unfair notice, and also under Rule 16, the notice only goes to the opposing party, if I read it correctly. Not even to the court. And it's also only supposed to go where the government introduces the expert in its case in chief. And of course here, that wasn't the situation. Would an expert be allowed to testify? In my experience, every person who has drugs in his car must know it's there. I believe under the case law, yes. Because that is basically what Murillo, what happened in Murillo, and also what happened in Castro. Because the important thing. That seems awfully close to expressing a view that everybody who has dope in the car is automatically guilty. Well, I know in Castro they said the testimony that was found to be sufficient said, and that was a lot of cocaine, would never be trusted to an unknowing courier. Now it's possible that kind of, those kind of facts may give this court pause. But the government's position is that's not what happened here. In fact, the trial prosecutor stated on the record below, in Excerpt of Record 67, that he did his best to tie this to the agent's experience. Okay, but here's the exact question. In your experience, would a recruiter ever trust 20 kilograms of cocaine to a driver without telling them that there were narcotics in the car? Correct. That's pretty close to the hypothetical that I just posed to you. I don't think it is, Your Honor. I mean, he never says. You think as long as you put on the words, in your experience, all bets are off, right? Absolutely. And, you know, I know that, and I don't think that's a pejorative thing. That's exactly what this court said in United States v. Pineda-Torres, 287F30, page 865. In your experience, everybody who has dope in the car knows it's there, in your experience. And that refers to his cases, then. He's saying in his experience. And that's pretty anecdotal, isn't it? But that's exactly what this evidence is, Your Honor. It is anecdotal. I mean, suppose the judge finds that the probative value of this is outweighed by the prejudice. Can the judge exclude it? If the judge goes and does Rule 403 properly, sure. And that's what she said she fouled up on. She thinks, in retrospect, the prejudice outweighed the probative value. Partly because the agent was so unskilled, untrained. Well, that is what she said. She said it was prejudicial once at Excerpt of Record 57. She said it was highly prejudicial twice, Excerpt of Record 61. Those are conclusory labels. So we review that for abuse of discretion. The district court judge made a determination. And what is our authority to overrule that? It has to be an abuse of discretion standard. Exactly. An abuse of discretion. An abuse of discretion. The judge said, look, this person had limited experience. I considered all of that. Maybe we would have made a different decision. But I think that the discretion is vested in the district court on a new trial scenario. Because abuse of discretion presupposes an actual exercise of discretion. When I look at the record of that motion for new trial transcript, not once does the district court ever explain how it was prejudicial. She just uses a conclusory label. She never even does the actual balancing to say that the prejudice substantially outweighed. I mean, I would be loath to think that all that needs to be done is the court simply says, in my discretion, without any explanation whatsoever. She says I would not have permitted it on 403. Right? Right. Without any explanation of why. Well, okay. But district judges, I don't think, have to give long explanations. And she's already said that she doesn't think this guy was very trained, very skilled. She felt sandbagged, but that's another question. That has nothing to do with prejudice. And the issue to me is 104.03. I mean, she said I think it's unduly prejudicial. Without any explanation. Then how can it be in Sepulveda-Brasa, 645.F3 at 1073, this court has said the same kind of evidence doesn't have problems under Rule 403. In the Cordoba case, 104.F3 at page 229, the same conclusion. In both Sepulveda-Brasa and Cordoba, on the other hand, this court has said that the probative value of this evidence is very high. It uses a phrase that goes right to the heart of a defense of lack of knowledge and says that it's clearly probative. And then the government, of course, in argument, essentially bought into that, argued that to the jury, correct? It did not. The government never once argued the unknowing courier. What they did was make reasonable inferences. It didn't refer to him specifically, but the government did say things like, people, drug dealers, I guess, they're not going to turn over that kind of stuff because they hope to make a profit. They're not going to do that. And it's important. They just don't take that kind of risk. Where's the evidence of that? That's a reasonable inference. The reason you guys bring in experts is because we all don't know how the criminal mind works, do we? Maybe you do. Maybe we do by now. But I don't know that, I mean, tell me. I know as a matter of common knowledge that a drug dealer, a drug importer, would never set up a false container in a truck and put in narcotics and have some poor soul drive it across the border while drug dealers' people were also crossing the border at the same time to keep an eye on that truck. I know that as a matter of common knowledge. No, and that's why we have the expert testimony here. But Your Honor asked me. Exactly. And that's what you were, and Your Honor asked me. It's not a matter of common knowledge. You can hardly make an argument to the jury that, of course, that's true. And I want to know how this Court decided. United States v. Reseo, 371 F. 3rd, 1093. At page 1105 of that opinion, that case had absolutely no expert testimony. This Court found that the substantial value of the cocaine and marijuana by itself, quote, These are the kind of arguments in cold border buses, what they're called in our district, where somebody's found with a substantial quantity of drugs and they don't admit knowledge. Those arguments happen every day. You're down to about 20 seconds. This is too much fun, Your Honor. The time went too fast. I apologize. I don't know if it's possible to get one minute of rebuttal. I'll leave it to the Court's discretion. Thank you. Good morning. Good morning, Your Honors. Devin Burstein, Federal Defenders for Mr. Salas Rivera. Your Honors, Judge Huff has been a Federal District Court judge for 21 years. In the context of that experience, she determined that the interests of justice required that Mr. Salas receive a new trial, and her ruling should be affirmed. Rule 33 specifically gives the District Court broad discretion to grant a new trial if it determines that the interests of justice requires, and here that's exactly what happened. Identifying, as she must under Hinkson, Rule 33, Judge Huff determined that Agent Delgado's unnoticed expert opinion, and this was important, that was elicited without leave of the Court, and after the Court specifically said the door has not been opened, on page 190, she determined that it lacked foundation, was unduly prejudicial, and that it would be, quote, a miscarriage of justice if the Court keeps the verdict. Now in Alston, and then more recently in Inzunza, this Court explained that a District Court's power to grant a motion for a new trial is much broader than its power to grant a motion for a judgment of acquittal, and a reviewing Court's role is limited to determining whether the District Court clearly and manifestly abused its discretion. It goes on to say, I'm sorry, Your Honor, Judge Block. I was just trying to get my energy up. I want to apologize. I lost my voice somewhere. Oh, please don't apologize, Your Honor. But could you explain to me, the unknowing courier testimony was in rebuttal. Do I have that down correctly? It wasn't on the direct case of the government. It was rebuttal evidence? Right. Okay. Do you draw a distinction when you deal with this type of testimony between direct testimony of that nature on the one hand, and rebuttal testimony on the other hand? Not in this case, Your Honor, and not in the context. You say that the judge said that the door had not been opened? The judge specifically told the – well, the way that it goes is this whole notice thing. The government's in limine motions says, we will specifically ask for permission of the Court before going into any of this. They ask for permission. The judge says no. Then all of a sudden, Agent Delgado comes back, which is rebuttal, but it's their agent, and they ask the unknowing courier evidence. So that's what happened in this case. But, you know, this issue of whether the door was open or not, as I read the record, the reason why the agent was put on the stand in rebuttal was because of what the defendant offered in terms of his expert that seems to be the bear directly on the issue that was raised here as part of the defense. Why is that improper? Well, first of all, under the opening the door doctrine, even when it applies in this Court's case in Whitworth, it says it's in the Court's discretion. It only applies in the District Court's discretion. The District Court here determined in her discretion that she shouldn't have let this in. And moreover, this is not – the admissibility of this evidence – Again, so I'm just clear factoring. Did the District Court judge actually say that we will not allow this type of rebuttal evidence to be offered because I don't think the defendant did open the door in its defense? I'm just not clear about that. The District Court said she thought that maybe it was opened as to the fingerprints, but in her motion for – in her decision on the new trial, she found that she wouldn't have let it in on both 403 grounds, and she also noticed the fact that Agent Delgado wasn't – there wasn't a proper foundation for his testimony. If there were a proper foundation, would your position be different that this would be appropriate rebuttal evidence? My – I mean, he was there for 20 years, and he's had lots of experience. Our position, Your Honor, is that this would be a discretionary call, as every single case in this Court to consider it has said. It's a discretionary call. In fact, in Sepulveda recently, this kind of testimony – and it's both unknown courier and structure – is not subject to per se rules. It has to be a 403 balancing. So the District Court, the guardian of the gate, had he been there for 20 years, she may have viewed it differently, but that's not the case. But what kind of balancing exercise did the District Court judge do in this case under 403? At the conclusion? It was a conclusory, wasn't it, pretty much? Well, there's no requirement that the District Court, given a lengthy explanation, had the – you know, this is – often we're on the other side of these appeals, and the government complains, well, had you wanted more of an explanation, you should have asked for one. The government nowhere here during that hearing says, we object that you didn't give us – that's not a properly – It's the judge's responsibility to properly, you know, utilize 403 whenever the judge uses 403, isn't it? That's true, but, Your Honor, I feel like we're getting a little bit far away from the fact that this is not an appeal about the testimony. This is an appeal about a grant of a new trial. I'm not the appellant. The government is saying Judge Hough incorrectly granted a new trial. That's the appeal. And that's the only question before this Court. Basically, it's not an abuse of discretion, and that's the standard, and this is not the type of case where we should overrule the exercise of the judge's discretion. Exactly. I mean, that is the argument in a nutshell. This is not – you know, and it's especially the case, and this Court's case make the point because in this situation, it goes back to the jury. The jury is going to have this case again. They'll make a decision, and, you know, the kind of elephant in the room is we all know the government's not going to put this testimony in next time. No. The government makes some good arguments about the details. For example, the argument to the jury. That's not necessarily a bad argument. It might be close in some sense because it's bringing in things that aren't facts in the record necessarily unless you rely on the agent who doesn't know that much. Right. So at a lot of points, it seems to me, if this were on direct appeal, you'd have an awfully hard road to hoe to say the government had engaged in misconduct of any kind. And I think the district court said that, didn't she? She wasn't really accusing anybody of misconduct, I think. No, she was going straight to Rule 33's idea. So you're – and I understand your point. It's that the government may be right on all its points, but that doesn't mean that she's wrong in terms of her new trial. Yes. I mean, we don't concede, obviously, that the government is right. Right-ish. How about this, Your Honor? This might please the court. Even if the government were right, it wouldn't have been at abusive discretion. We firmly disagree that they are right, but we don't think that it would have been abusive discretion under Rule 33 for the district court to have granted the new trial, and we ask that her judgment be affirmed. If there's no further questions, I will submit. Thank you very much, Mr. Burstein. Lucy, would you put a minute on the clock, please, for Mr. Miller? I appreciate it, Your Honor. Your Honor, I just want to make one point on rebuttal about the foundational concerns. There was zero concern from the defense at trial about foundation. At page 14 of our reply brief, we cite two cases, Marbled-Murillette v. Babbitt and Bartleson v. United States, that expressly state the appropriate time to raise Dalbert challenges is at trial. By failing to object to evidence at trial and request a ruling on such objection, a party waives the right to later raise admissibility issues. Here, not only did the defense remain silent, as we state in our brief, and highlighted most prominently, Excerpt of Record 41, the trial counsel, defense counsel himself, acquiesced in Agent Delgado's experience. There's a question. In your experience with the drug organizer who's organizing the drugs going across the border, would it be their motive to keep from driving the load car across the border themselves? And the answer begins, in my experience, I wanted the last comment I'll say. You're out of time. Thank you very much. Fair enough. The case just argued is submitted. Good morning, gentlemen. Thank you. 1150444 United States v. Medina. Brooke Tuoso is submitted on the brief.
judges: Block, Fernandez, Silverman